UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERRY ALEXANDER,

    Petitioner,

v.                                              CASE NO. 6:05-cv-379-Orl-18DAB

JAMES V. CROSBY, et al.,

    Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 12). Respondents then filed a supplemental response (Doc. No. 15), and Petitioner filed a reply to the supplemental response (Doc. No. 17).

*Procedural History*

Petitioner was charged by amended information with three counts of capital sexual battery and six counts of lewd acts upon a child. On August 2, 2000, Petitioner entered pleas of guilty to one count of attempted sexual battery (a lesser included offense of the capital sexual battery offense in count one) and two counts of lewd and lascivious acts upon a child (counts four and eight). In return, the State agreed to *nolle prosequi* the remaining six counts. Petitioner was subsequently sentenced to a twenty year term of imprisonment on count one and concurrent fifteen year terms for counts four and eight.

Petitioner filed a direct appeal, and on July 10, 2001, the Florida Fifth District Court of Appeal *per curiam* affirmed. *Alexander v. State*, 791 So. 2d 486 (Fla. 5th DCA 2001). Mandate was issued on July 27, 2001.

On April 8, 2002, Petitioner filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (case number 6:02-cv-437-Orl-18KRS). By Order dated August 7, 2002, this Court dismissed the petition without prejudice to permit Petitioner to exhaust his claims in state court. The Order also cautioned Petitioner that the dismissal without prejudice would not excuse him from complying with the one year period of limitation for filing a federal habeas corpus petition.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on August 20, 2002,[1] which the trial court denied. The appellate court affirmed the denial, and mandate was issued on October 15, 2003. *Alexander v. State*, 855 So. 2d 243 (Fla. 5th DCA 2003).

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on July 10, 2001. Petitioner then had ninety days, or through October 8, 2001, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on October 8, 2001, and Petitioner had through October 8, 2002, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until March 6, 2005.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's Rule 3.850 motion was properly filed, the time was tolled for a total of 421 days (from August 20, 2002, through October 15, 2003). Accordingly, Petitioner had through December 3, 2003 (421 days from October 8, 2002) to file his federal habeas corpus petition. Petitioner's March 6, 2005, habeas corpus petition was not timely filed and must be denied.

Petitioner claims to have mailed another § 2254 petition to this Court in late September or early October of 2003. According to Petitioner, the inmate who was assisting with his legal proceedings was released from prison and took almost all of Petitioner's legal documents with him. As a result, on July 26, 2004, Petitioner sent letters to various entities, including the Clerk of this Court, in an attempt to ascertain the status of his habeas petition. In late July or early August of 2004, Petitioner received a response from the Clerk of this Court indicating that there was no record of his case and sending him a blank set of § 2254 forms. Petitioner now argues that equitable tolling should save his instant petition because his first petition in 2002 and the petition he sent to this Court in 2003 were both timely filed.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v.*

*United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations neither demonstrate diligence nor rise to the level of extraordinary circumstance beyond his control which warrant equitable tolling of the one year period set forth in § 2244(d). Although he may have timely filed a § 2254 petition in September or October of 2003, Petitioner can provide no evidence substantiating such mailing. Further, he waited nearly ten months after the mailing to attempt to ascertain the status of the petition. When notified by the Court that no such petition had been received, Petitioner then waited another seven months before filing the instant petition. Equitable tolling is not warranted, and this case must be dismissed as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this ___7___ day of September, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

5

Copies to:
sa 9/5
Perry Alexander
Counsel of Record